**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 11:35 AM November 29, 2012**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| BRIAN SCOTT BAUGHMAN, SR. AND KRISTINE MARIE BAUGHMAN, | ) ) ) | CASE NO. 07-63208 |
| | ) | JUDGE RUSS KENDIG |
| | ) | |
| Debtors. | ) ) ) | **MEMORANDUM OF OPINION (NOT FOR PUBLICATION)** |

     The chapter 13 trustee, Toby L. Rosen ("Trustee"), moves to dismiss Debtors' chapter 13 case for their failure to comply with the terms of the amended plan confirmed on December 18, 2008. Debtors contend that their failure to comply is justifiable and has not resulted in prejudice to their creditors. The court held a hearing on August 29, 2012. Following the hearing, each party submitted a post-hearing brief.

     The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984, now superseded by General Order 2012-7 dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

     This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

     When Debtors filed this case in 2007, they owned a 1994 Chevrolet Astro van free and

clear. On the means test, they took an ownership deduction for the vehicle. In an opinion dated September 30, 2008, the court allowed the deduction subject to a good faith review of how the money was to be allocated in Debtors' monthly expenses. In re Baughman, Case No. 07-63208 (Bankr. N.D. Ohio Sept. 30, 2008). Under their original plan and budget, the court concluded that "Debtors [were] claiming the legal right to keep $19,920.00 over five years for living expenses that bear no relation to the purpose for which Congress, through the IRS Local Standards, permitted debtor to carve out some of their income from the disposable income available to creditors" and refused to confirm the plan. Id. at 9. In their amended plan, Debtors proposed to "put $332.00 per month into a savings account for a vehicle." (Am. Plan, ECF No. 41) The plan was confirmed on December 18, 2008. (Order Confirming First Am. Ch. 13 Plan, ECF No. 43) Consequently, Debtors were expected to save $332.00 per month.

On April 20, 2012, Trustee moved to dismiss the case based on alleged failure to fulfill the savings obligation. Upon request of an accounting of the savings account, Trustee was informed that the account had a balance of $1,688.23. Her calculations showed that the account should be approximately $13,000.00.[1]

Debtors do not deny the balance of the account or their failure to save the amount specified in the plan. Rather, Debtors suggest that the failure to save was justified by substantial medical expenses for themselves and their daughter resulting from conditions requiring on-going medical treatment. According to Debtors, the money was applied to legitimate, necessary expenses. As a result, the creditors have fared no worse than anticipated under the plan. Instead, Debtors suggest they bear the burden of their failure because they have no savings to fall back on and are forced to continue to repair and operate older vehicles, including the 1994 van with nearly 200,000 miles.

Debtors budget, at the time their plan was confirmed, provided $163.00 per month for out-of-pocket medical expenses.

Since the time of its decision allowing the transportation deduction, the Supreme Court has ruled that a debtor who does not actually have an ownership expense is not entitled to take the deduction. Ransom v. FIA Card Servs., N.A., 131 S.Ct. 716 (2011). As a result, if this case was filed today, Debtors' disposable income would include the $332.00 at issue here.

## DISCUSSION

Trustee does not reference any bankruptcy code or rule in her motion to dismiss but her brief cites § 1307(c)(6) as the basis for dismissal. Under this section, the court may convert or dismiss a case, "whichever is in the best interests of creditors and the estate, for cause, including – . . . (6) material default by the debtor with respect to a term of the confirmed plan." Id. There is no dispute that Debtors defaulted under the plan by not establishing the savings account. The question is whether Debtors' "justification" arguments render the default immaterial.

Debtors' brief alleges that Debtors incurred out-of-pocket medical expenses in excess of

---

[1] The court's calculations show the figure is closer to $12,000.00: $332.00 x 41 months (November 2008 through March 2012) = $13,612.00. $13,612.00 - $1,688.00 = $11,924.00.

$7,000.00 for the the identified periods. The court finds this figure is wrong. The brief alleges that Debtor-wife alone incurred $2,643.00 for 2009 and 2010. (Debtors' Brief, ECF No. 78, p. 1.) Looking at the exhibit attached to the motion, the court finds this is inaccurate. The $2,643.00 figure is the total for all three family members. (Id. at 22.) Debtor-wife's share totaled only $708.96. (Id. at 17.)

Debtors' attachments from their insurance company show the following out-of-pocket medical expenses:

| Date: | Deductible | Co-Insurance |
| --- | --- | --- |
| 01.01.2009 to 31.12.2010 | $1,357.66 | $1,285.72 |
| 01.01.2011 to 09.07.2012 | $1,137.18 | $1,085.24 |

The total for the time period from January 1, 2009 through September 7, 2012 is $4,856.80. This is a monthly average of $111.00 for the forty-four month period.

In addition, Debtors provided eye and dental statements indicating that they were responsible for $793.52 for services provided in 2011 and 2012. For a two year period, this is an average of $33.00 per month. Consequently, the information provided by Debtors demonstrates out-of-pocket medical expenses totaling approximately $144.00 per month. Considering their budget accounted for monthly out-of-pocket medical expenses totaling $163.00, the court cannot conclude that medical expenses were the reason for Debtors' inability to save the $332.00 each month as required by the plan.

Debtors offered no other explanation for the dissipation of the monies that were to be directed to the savings account. Instead, it appears that Debtors did exactly what the court found objectionable in its denial of confirmation of their first plan – they took the money and used it for purposes other than for which it was intended. The court cannot overlook the fact that Debtors accomplished what was intended, and rejected by the court, in their first plan.

Their argument that the creditors are no worse off is unavailing because it is misleading. While it is true that if Debtors had saved the money, the creditors would be in no better position, this ignores the key reality. If Debtors had not proposed an acceptable use of the $332.00 per month, it would have gone to the creditors. Squandering the money was never an acceptable use of the funds.

If Debtors found themselves unable to comply with the terms of the plan, modification of the plan was an option. Debtors did not avail themselves of this opportunity.

Debtors' failure to save approximately $12,000.00 is a material default under the terms of the confirmed plan. Consequently, the court will grant Trustee's motion to dismiss by separate order to be entered immediately.

It is so ordered.

# # #

**Service List:**

John H Hornbrook
1400 N Market Ave
Canton, OH 44714-2608

Toby L Rosen, Trustee
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702